IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL G. KERR; JOSEPH L. KERR, III; and REBEKAH HOPE KERR, as Surviving Children of Joseph L. Kerr, Deceased,<br><br>   Plaintiffs,<br><br>   v.<br><br>CORDARIUS H. MCGUIRE; NEXUS TRANSPORTATION AND BROKERAGE, LLC; and SHELTER GENERAL INSURANCE COMPANY,<br><br>   Defendants. | CIVIL ACTION NO.: 4:20-cv-117 |

**O R D E R**

This matter is before the Court on Plaintiffs' Motion to Remand, (doc. 9), as well as a Consent Motion to Remand, (doc. 10), filed by all parties to the case. Plaintiffs filed their Complaint initiating this wrongful death action in the Superior Court of Liberty County on March 6, 2020. (Doc. 1-2, p. 2.) Defendants Cordarius McGuire and Nexus Transportation and Brokerage, LLC ("Nexus") removed it to this Court on May 29, 2020, on the basis of diversity jurisdiction. (Doc. 1, pp. 2–3.) In their initial Motion to Remand filed on June 4, 2020, Plaintiffs contend that the removal of the case was untimely and was not unanimous, making it defective as a matter of law and requiring remand. (Doc. 9, pp. 4–7.) No Defendant filed any response to the Motion. Instead, eleven days after Plaintiffs filed their Motion to Remand, Plaintiffs and all Defendants filed the Consent Motion to Remand, which does not propound any specific legal grounds requiring remand but simply indicates that "[a]ll [p]arties now agree the matter is

appropriate for remand . . . and consent to the entry of an order directing the same . . . ." (Doc. 10, p. 1.) For the reasons set forth fully below, the Court **GRANTS** Plaintiffs' Motion to Remand, (doc. 9), and therefore **DENIES AS MOOT** the Consent Motion to Remand, (doc. 10).[1]

## LEGAL STANDARD

28 U.S.C. § 1441(a) provides that an action filed in state court may be removed to federal district court if the case could have been brought in federal district court originally. See 28 U.S.C. § 1441(a) (requiring that the case be one "of which the district courts of the United States have original jurisdiction"). A federal district court has original jurisdiction "over all civil actions where the amount in controversy exceeds $[75,000] and the action is between the citizens of different states." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citing 28 U.S.C. § 1332(a)(1)). Here, it is undisputed that: Plaintiffs' decedent was a resident of Georgia at the time of his death,[2] (doc. 1-2, p. 2); none of the Defendants are citizens of the State of Georgia, (id. at pp. 2, 5; see also doc. 1, p. 3); and the amount in controversy for the wrongful death claim exceeds $75,000, (doc. 1, pp. 2–3). Accordingly, no party contests the Court's subject matter jurisdiction over the case.

A defendant seeking to remove an action on the basis of diversity must satisfy certain procedural requirements. The first that is relevant here is found at 28 U.S.C. § 1446(b)(1), which provides that a "notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."

---

[1] While the parties have consented to remand, the Court's power to remand based merely upon such consent is suspect. See Mitchell & Shapiro LLP v. Marriott Int'l, Inc., No. 1:0-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008), *vacated on reconsideration on other grounds*, 2008 WL 11337749 (N.D. Ga. June 20, 2008). Thus, the Court assesses the substance of the Plaintiffs' Motion rather than relying upon the mere consent of the parties.

[2] For purposes of diversity jurisdiction and removal, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

This thirty-day time period is mandatory and may not be extended by the Court. Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993). The second relevant procedural requirement is the so-called "unanimous consent rule" under 28 U.S.C. § 1446(b)(2)(A), which mandates that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

Following removal of an action to a federal district court, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may . . . order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." Hernandez v. Seminole Cty., 334 F.3d 1233, 1236–37 (11th Cir. 2003) (quoting Snapper, Inc. v. Redan, 171 F.3d 1249, 1252–53 (11th Cir. 1999)). A "defect other than a lack of subject matter jurisdiction" might include noncompliance with one of the aforementioned procedural requirements for removal. See id. (quoting Snapper, Inc., 171 F.3d at 1252–53). The removing party bears the burden of establishing that the case was properly removed, Packard v. Temenos Advisory, Inc., 159 F. Supp. 3d 1344, 1352 (S.D. Ga. 2016), and "this burden is a heavy one," Lampkin v. Media Gen., Inc., 302 F. Supp. 2d 1293, 1294 (M.D. Ala. 2004). Because removal jurisdiction creates significant federalism concerns, federal courts are directed to construe removal statutes strictly with all doubts regarding jurisdiction being resolved in favor of remand. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

## DISCUSSION

Here, as to the timeliness of removal, it is undisputed that McGuire and Nexus acknowledged service on March 30, 2020, (doc 1, p. 2; doc. 9, p. 2), and that the Notice of Removal, (doc. 1), was not filed until May 29, 2020, some sixty days later. While some courts have held that the deadline may be waived by the parties' conduct or assent, see Liebig, 814 F.

Supp. at 1076 (citing Maybruck v. Haim, 290 F. Supp. 721, 723 (S.D.N.Y 1968)), there is no indication from the removing Defendants that there is any basis for finding such a waiver. Thus, in keeping with the rule of strict construction, the Court finds that the failure to file the Notice of Removal within the statutory thirty-day window requires the Court to remand the action.

The Court additionally finds that the removal was invalid for failure to satisfy the unanimity requirement. The unanimous consent rule states that all defendants that have been properly joined and served in an action must join in or consent to the removal of that action to federal court. 28 U.S.C. § 1446(b)(2)(A). The defendants in a case satisfy the unanimity rule when they all "join" in the notice of removal. See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 326–27 (5th Cir. 1970) ("The law is clear that . . . removal procedure requires that all defendants join in the removal petition.").[3] The rule "does not require that every defendant actually sign the same petition," but "unanimity must be expressed to the court within the thirty[-]day period, whether by petition, written consent or oral consent." Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 218 (N.D. Ga. 1985). Here, it is undisputed that Defendant Shelter General Insurance Company ("Shelter General") was served on March 20, 2020, and filed its Answer on May 19, 2020, prior to its co-Defendants' May 29, 2020 removal of the case from the Superior Court of Liberty County. (See doc. 9, pp. 33–45; see also doc. 1-2, pp. 28–40.) The Notice of Removal is silent as to Shelter General's position on removal. (See doc. 1.) The Consent Motion to Remand states vaguely that "Defendant Shelter General has not filed any pleading or otherwise indicated that it did/does not consent to the removal sought by [McGuire and Nexus]." (Doc. 10, p. 1.) Notwithstanding the fact that Shelter General may not have

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to October 1, 1981.

affirmatively voiced its opposition to the removal, the material fact is that it has not in any way indicated its *consent* to the removal. Accordingly, the Court finds that the removing Defendants failed to satisfy the unanimous consent rule and remand is thus required.

## CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand, (doc. 9), and **DENIES AS MOOT** the Consent Motion to Remand, (doc. 10). Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the Superior Court of Liberty County, Georgia for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED**, this 1st day of July, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA